**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDIS GJIKANI, a.k.a. Alberto Cappi, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73201 <br><br> Agency No. A088-476-325 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Eldis Gjikani, a native and citizen of Albania, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part, and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Gjikani's asylum application was untimely because the facts underlying that determination are disputed. *See* 8 U.S.C. § 1158(a)(3); *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013) (no jurisdiction to review untimeliness determination based on underlying factual dispute).

Gjikani fled Albania in 2004 due to a blood feud with an individual who harassed his family and sought to harm him. Substantial evidence supports the agency's finding that Gjikani failed to establish that he suffered harm or fears harm from the Albanian government or a source that the government was or would be unable or unwilling to control. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel government was unable or unwilling to control harassers); *see also Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010) ("[c]ountry reports are accorded special weight in removal proceedings"). Contrary to Gjikani's contentions in his opening brief, it was his burden to demonstrate that the Albanian government was unable or unwilling to control the person he fears. *See Nahrvani*, 399 F.3d at 1154. Gjikani's contention

that the agency failed to consider certain evidence does not overcome the presumption that the agency reviewed all of the evidence he presented. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). Thus, Gjikani's withholding of removal claim fails.

Finally, Gjikani does not make any arguments in his opening brief regarding the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir 1996) (issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**